UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ZHONG BAO PRODUCE GROUP INC.,

Plaintiff,

v.

NEW YORK MART GROUP INC., NEW YORK MART, MING'S SUPERMARKET, INC., and LONG DENG,

Defendants.

Civil No.

**COMPLAINT**

**COMPLAINT**
(To Enforce Payment from PACA Trust)

Plaintiff Zhong Bao Produce Group Inc. ("Plaintiff"), through the undersigned counsel, by way of Complaint against Defendants New York Mart Group Inc. ("NYMG"), New York Mart ("NYM"), Ming's Supermarket, Inc. ("Ming's") and Long Deng ("Deng") (collectively, "Defendants"), states and alleges:

JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action under Section 5(c)(5) of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e(b), 7 U.S.C. §499e(c)(5), and 28 U.S.C. § 1331.

2. Venue in this District is proper under 28 U.S.C. § 1391 because Plaintiff's principal place of business is in this District, and because Defendants' NYMG and NYM principal places of business are in this District, and because Defendant Ming's business is under *de facto* ownership and control of Defendant Long Deng, and because Defendant Deng resides in this District, and

1

because Plaintiff's claims arose in this District, and because all transactions at issue entail sale of produce from Plaintiff's place of business which is in this District.

## PARTIES

3. At all relevant times, Plaintiff was and is a New York corporation having its office and principal place of business located in 56-72 49th Place, Maspeth, New York; was and is engaged in the business of selling wholesale quantities of perishable agricultural commodities ("Produce") in interstate commerce; and was and is licensed as a dealer under PACA.

4. At all relevant times, Defendant NYMG was and is a New York corporation having its office at 2-39 54th Avenue, Long Island City, New York, and its principal place of business at 2-39 54th Avenue, Long Island City, New York; was and is engaged in the business of buying wholesale quantities of Produce in interstate commerce; and was and is subject to licensure as a dealer under PACA.

5. At all relevant times, Defendant NYM was and is a New York corporation having its office at 2-39 54th Avenue, Long Island City, New York, and its principal place of business at 2-39 54th Avenue, Long Island City, New York; was and is engaged in the business of buying wholesale quantities of Produce in interstate commerce; and was and is subject to licensure as a dealer under PACA.

6. At all relevant times, Defendant Ming's was and is a Massachusetts corporation having its office at 1102-1130 Washington Street, Boston, Massachusetts, 02118, and its principal place of business at 1102-1130 Washington Street, Boston, Massachusetts, 02118; was and is engaged in the business of buying wholesale quantities of Produce in interstate commerce; and was and is subject to licensure as a dealer under PACA.  Further, Defendant Ming's has, at all relevant times, been under the effective ownership and/or control of Defendant Deng who is the

President, Treasurer and Director of Defendant Ming's; and who's stated address, per the Secretary of Commonwealth of Massachusetts's Corporation Division, is 46 Glenwood Road, Roslyn Harbor, New York, 11576.

7.     At all relevant times, Deng was and is an individual residing in New York; was and is an officer, principal, and owner of NYMG, NYM and Ming's, and was and is in a position of control over the PACA trust assets belonging to Plaintiff, to such an extent that NYMG, NYM and Ming's are alter egos of Deng.

## ALLEGATIONS COMMON TO ALL COUNTS

8.     This action is brought to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5(c) of PACA, 7 U.S.C. § 499e(c).

9.     Between October 19, 2017, and January 30, 2019, Plaintiff sold and delivered to Defendants, in interstate commerce, as that term is defined by PACA, 7 U.S.C. § 499e(b)(8), *et seq.*, and by the United States Department of Agriculture (USDA); Produce which Defendants accepted without incident (the "Accepted Produce"), and for which Defendants agreed to pay Plaintiff the total principal amount of $33,848.00, all of which sum remains unpaid and past due.

10.     At the time Defendants received and accepted the Accepted Produce, Plaintiff became a beneficiary in a statutory trust under PACA (the "PACA Trust"), which is designed to assure payment to Produce suppliers, and which consists of all Produce or Produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of Defendants.

11.     Plaintiff timely preserved its interest in the PACA Trust in the unpaid principal amount of $33,848.00 by delivering to Defendants invoices containing the requisite statutory language ("Invoices"), and Plaintiff remains a trust beneficiary until full payment is made for the

Accepted Produce.

12. In addition to the unpaid principal amount of $33,848.00, Plaintiff's Invoices include terms requiring, and the PACA requires, that Defendants pay Plaintiff both interest on past due balances and attorneys' fees and costs incurred in collecting payment. Said statutory interest upon the principal amount noted above which is owing from Defendants to Plaintiffs currently amounts to at least $4,569.00, and continues to accrue.

13. The unpaid principal amount of $33,848.00 is past due, and Defendants have failed and refused to pay Plaintiff any portion of that past due balance despite repeated promises to pay.

14. Defendants have acknowledged their PACA Trust debt to Plaintiff, and have breached repeated promises to pay that debt.

15. Defendants have violated their statutory, regulatory and contractual duties to preserve and turnover the PACA Trust assets belonging to Plaintiff, and to pay Plaintiff promptly for the Accepted Produce, by dissipating those assets.

COUNT ONE
(PACA -- Failure to Pay Trust Funds — All Defendants)

16. Plaintiff repeats and reasserts each and every allegation contained in paragraphs 1 through 15 of this Complaint as if fully set forth herein.

17. Defendants' continuing failure and refusal to pay Plaintiff the PACA Trust funds belonging to Plaintiff in the unpaid principal amount of $33,848.00 violates PACA and PACA regulations.

18. As a direct and proximate result of Defendants' continuing violations of PACA and PACA regulations, Plaintiff has suffered, and is continuing to suffer, damages.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, enforcing payment from the PACA Trust by ordering Defendants to pay Plaintiff the principal

amount of $33,848.00 plus interest, costs, attorneys' fees, and any other relief deemed just and owing.

## COUNT TWO
(PACA -- Failure to Pay Promptly— All Defendants)

19. Plaintiff repeats and reasserts each and every allegation contained in paragraphs 1 through 18 of this Complaint as if fully set forth herein.

20. Defendants' continuing failure and refusal to pay Plaintiff promptly for the Accepted Produce in the unpaid principal amount of $33,848.00 violates PACA and PACA regulations.

21. As a direct and proximate result of Defendants' continuing violations of PACA and PACA regulations, Plaintiff has suffered, and is continuing to suffer, damages.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, enforcing PACA's prompt payment requirements by ordering Defendants to pay Plaintiff the principal amount of $33,848.00 plus interest, costs, attorneys' fees, and any other relief deemed just and owing.

## COUNT THREE
(Breach of Contract -- Failure to Pay for Goods Sold — All Defendants)

22. Plaintiff repeats and reasserts each and every allegation contained in paragraphs 1 through 21 of this Complaint as if fully set forth herein.

23. Defendants' continuing failure and refusal to pay Plaintiff the unpaid principal amount of $33,848.00 due and owing for the Accepted Produce constitutes a material breach of the contracts between Plaintiff and Defendants.

24. As a direct and proximate result of Defendants' continuing material breaches of contracts, Plaintiff has suffered, and is continuing to suffer, damages.

WHEREFORE, Plaintiff demands judgment against Defendants for damages in the principal amount of $33,848.00 plus interest, costs, attorneys' fees, and any other relief deemed just and owing.

## COUNT FOUR
(Unlawful Dissipation of Trust Assets by a Corporate Official — Deng)

25. Plaintiff repeats and reasserts each and every allegation contained in paragraphs 1 through 24 of this Complaint as if fully set forth herein.

26. At all relevant times, Deng was an officer, principal and owner of NYMG, NYM and Ming's, who operated NYMG, NYM and Ming's, and who occupied positions of control over the PACA Trust assets belonging to Plaintiff.

27. Deng failed to direct NYMG, NYM and Ming's to fulfill, and instead caused NYMG, NYM and Ming's to violate, their statutory and regulatory duties to preserve PACA trust assets and to pay Plaintiff promptly for the Accepted Produce.

28. Deng unlawfully dissipated the PACA Trust assets belonging to Plaintiff.

29. As a direct and proximate result of Deng's unlawful dissipation of PACA Trust assets belonging to Plaintiff, Plaintiff has suffered, and is continuing to suffer, damages.

WHEREFORE, Plaintiff demands judgment against Deng for damages in the principal amount of $33,848.00 plus interest, costs, attorneys' fees, and any other relief deemed just and owing.

## COUNT FIVE
(Interest and Attorneys' Fees)

31. Plaintiff repeats and reasserts each and every allegation contained in paragraphs 1 through 29 of this Complaint as if fully set forth herein.

32. PACA and the Invoices between Plaintiff and Defendants entitle Plaintiff to recover from Defendants interest at the rate of 1.5% monthly (18% annually) on all past due amounts, as well as all costs, including attorneys' fees, involved in collecting past due amounts.

33. As a direct and proximate result of Defendants' continuing failure and refusal to pay Plaintiff the unpaid principal amount of $33,848.00 due and owing, Plaintiff has incurred, and will continue to incur, attorneys' fees and other costs which, together with interest at the rate of 1.5% monthly (currently at least $4,569.00, and continuing to accrue), which Plaintiff is entitled to recover from Defendants.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for damages in the principal amount of $33,848.00, plus interest in the amount of $4,569.00, plus interest accruing upon the principal amount subsequent to the date of commencement of this action at the rate of 1.5% monthly, costs, attorneys' fees, and any other relief deemed just and owing.

Dated: June 24, 2020
New York, New York

>*/ s /* John W. Reinhardt
> John W. Reinhardt
> Attorney for Plaintiff, Zhong Bao
>     Produce Group Inc.
> 81 Bowery; Suite 305
> New York, NY  10002
> (347) 860-1553